**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **MELVIN WAYNE WILLIAMS** | § | |
| **#02405856** | § | |
| | § | |
| **V.** | § | **A-25-CV-01194-DAE** |
| | § | |
| **JOHN DOE,** | § | |
| **et al.** | § | |

**ORDER**

Before the Court are Plaintiff Melvin Wayne Williams' complaint (ECF #1) and response to the Court's order to show cause (ECF #13). The Court granted Plaintiff leave to proceed *in forma pauperis*. For the reasons discussed below, the Court dismisses Plaintiff's complaint.

STATEMENT OF THE CASE

At the time he filed his complaint, Plaintiff was confined in the Estelle Unit of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ). Plaintiff's complaint relates to his previous confinement in the Burleson County Jail.

According to Plaintiff, the Burleson County Sheriff and Judge ordered that detainees be brought to court in full shackles. Plaintiff explains the new order was due to "Joey" acting up in the courtroom. Plaintiff asserts Sergeant Coker shackled him and put him in a small room with a broken seat on July 7, 2022. Plaintiff asserts he fell when he attempted to take a seat to visit with his attorney. Plaintiff claims he flew through the air and landed headfirst into an iron door. He asserts he felt his neck pop and a pain travel from his tailbone up his left side. According to Plaintiff, when he regained consciousness, Sergeant Coker was taking the chains and shackles off him. Coker

1

allegedly told him that the stool had come out from under several people.  When Plaintiff returned to the holding cell, he allegedly experienced dizziness and pain in his eyes, neck, and tailbone. Plaintiff states he told Coker he needed to see a doctor.  Coker allegedly told Plaintiff that she was doing transport and to tell the nurse as soon as they returned to the jail.  Plaintiff asserts he did as instructed and made a request to a male nurse to go to the hospital.  Plaintiff states the male nurse told him "Kathy" had to approve the request. Plaintiff describes the worsening of his condition and the difficulty he had in getting Kathy's approval.  After Plaintiff's sister called the jail, Plaintiff asserts he was transported to the hospital where he received x-rays and an MRI.  Plaintiff complains that the doctor initially indicated Plaintiff did not have proper spacing between two vertebrae in his neck but then went along with the male nurse who diagnosed Plaintiff's injury as a "stinger" caused from "old age."  Plaintiff asserts the doctor wrote him a prescription for pain, but he never received the medication upon his return to jail.  Instead, Plaintiff claims he was only offered non-aspirin. Plaintiff allegedly reported to Kathy that his neck kept popping and he was experiencing severe pain. He maintains his request to see a specialist went unanswered.

In September 2022, Plaintiff was transferred to the TDCJ.  Due to his condition upon arrival at TDCJ, Plaintiff states he was scheduled for a medical appointment and x-rays.  Plaintiff asserts he was later transferred to the Galveston Hospital and various TDCJ units and was diagnosed with a broken neck.  According to Plaintiff, he had surgery on his neck in August 2024 and is waiting to see a specialist for his tailbone injury.

Plaintiff sues the unidentified male nurse, Kathy, the emergency room doctor, the Burleson County Jail, and Sergeant Coker.  He seeks $5,000,000 in damages.

After consideration of Plaintiff's complaint, the Court ordered Plaintiff to show cause why his complaint should not be dismissed as time barred. Plaintiff responds that his claim did not accrue until he was aware of his injury. He further claims that his injuries are "the consequence of a numorous [sic] and continuing series of events." He explains he currently receives therapy for his neck and is awaiting surgery on his tailbone.

DISCUSSION AND ANALYSIS

1.    Legal Standard

When an inmate seeks redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (*per curiam*). If a plaintiff is proceeding IFP, his complaint is also subject to screening under § 1915(e)(2). Both statutes provide for *sua sponte* dismissal of a complaint—or any portion thereof—if the Court finds it frivolous or malicious, if it fails to state a claim upon which relief can be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact, i.e., when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999)). A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007)).  This standard requires more than the mere possibility that the defendant has acted unlawfully.  *Twombly*, 550 U.S. at 556.

All well–pleaded facts are taken as true, but the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).  Although "detailed factual allegations," are not required, "more than an unadorned, the–defendant–unlawfully–harmed–me accusation" is. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.* And although a court must construe a pro se's allegations liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), a plaintiff's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

   2.   <u>Section 1983</u>

Section 1983 provides a cause of action to individuals whose federal rights have been violated by those acting under color of state law. *Doe v. Dall. Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). Section 1983 is not itself a source of substantive rights; rather, it merely provides a method for vindicating federal rights conferred elsewhere. *See Albright v. Oliver*, 510 U.S. 266, 271 (1994). In order to state a claim under Section 1983, a plaintiff must (1) allege a violation of rights guaranteed by the United States Constitution or federal law, and (2) demonstrate the alleged deprivation was committed by a person acting under color of state law. *Doe*, 153 F.3d at 215.

3.    <u>Statute of Limitations</u>

The statute of limitations for a section 1983 claim is determined by the forum state's limitations period for personal injury torts. *Wallace v. Kato*, 549, U.S. 384, 387 (2007). In Texas, that is two years from the date the cause of action accrues. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a); *Schaefer v. Gulf Coast Regional Blood Ctr.*, 10 F.3d 327, 331 (5th Cir. 1994).

Federal law determines when a § 1983 cause of action accrues. *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993). A cause of action under § 1983 accrues when the aggrieved party knows, or has reason to know of, the injury or damages which form the basis of the action. *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995).

Plaintiff's claims are barred by the applicable statute of limitations. Plaintiff complains about events that occurred in Burleson County in 2022. He knew in July 2022 that he suffered an injury and that he did not receive the medical care he desired during his incarceration in the Burleson County Jail. It was not necessary for Plaintiff to know all facts surrounding his injuries for his claims to accrue. Plaintiff's knowledge that he sustained an injury and did not receive adequate medical care was sufficient. *See In re Jorden*, 249 S.W.3d 416, 422 (Tex. 2008) ("[A] cause of action accrues for limitations purposes when a claimant learns of an injury, even if the rest of the essential facts are unknown.").

No further acts were taken by the defendants after September 2022 because Plaintiff was transferred to TDCJ. Therefore, the defendants could not have caused or exacerbated Plaintiff's injuries after that date. Nevertheless, Plaintiff waited until July 16, 2025, to execute his civil-rights complaint. This was after the limitations period expired.

It is therefore **ORDERED** that Plaintiff's complaint is **DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. § 1915(e).

**SIGNED** this the 29th day of October 2025**.**

_____

DAVID A. EZRA
SENIOR UNITED STATES DISTRICT JUDGE